**PUBLISH**

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-2319

_____

D. C. Docket No. 95-250-Civ-J-10

JOHN GARY HARDWICK,

Petitioner-Appellant,

versus

HARRY K. SINGLETARY, JR., Secretary, Florida Department
of Corrections,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 24, 1997)**

Before ANDERSON and BIRCH[1], Circuit Judges.

---

[1]In response to the petition for rehearing en banc filed by
the government in this case, Judge Rosemary Barkett recused herself
from further consideration of this matter by order dated October
16, 1997. According to the practice of our court under such
circumstances, the case is decided by a quorum. See 28 U.S.C. §
46(d).

ON SUGGESTION OF REHEARING <u>EN</u> <u>BANC</u>

PER CURIAM:

Appellee Harry K. Singletary, Jr. asks us to reexamine our decision in <u>Hardwick v. Singletary</u>, 122 F.3d 935 (11th Cir. 1997). No member of this panel nor any other judge in regular active service on the court having requested that the court be polled on rehearing <u>en</u> <u>banc</u> (Rule 35, Fed. R. App. P.; 11th Cir. Rule 35-5), the suggestion of rehearing <u>en</u> <u>banc</u> is DENIED. However, upon reconsideration, the opinion of this panel is vacated solely as to the last paragraph, in which we vacated the district court's order and remanded this case for a reevaluation of the petitioner's application for a certificate of probable cause. The following three paragraphs are entered in its place:

Although we conclude that the district court erred in applying the standard governing certificates of appealability under the AEDPA

to Hardwick's petition, we further resolve that remand is unnecessary. The pre-AEDPA certificate of probable cause required a petitioner to make a "substantial showing of a denial of [a] federal right." Barefoot v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394, 77 L. Ed. 2d 1090 (1983) (internal quotes and citation omitted). Under the AEDPA, a certificate of appealability may be issued only where the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Notwithstanding a marginal variance in the language identifying the necessary showing with respect to certificates of probable cause and appealability, we conclude that the standard governing certificates of probable cause and certificates of appealability is materially identical. See Green v. Johnson, 116 F.3d 1115, 1120 (5th Cir. 1997) ("[T]he AEDPA was intended to codify the Barefoot standard and thus . . . the standard governing the issuance of a COA requires the same showing as that for obtaining a CPC.").

Where, as in the instant case, the district court has granted a certificate of appealability as to any issue presented in a petition pending on the date that the AEDPA became effective, we construe the grant of a certificate of appealability as a grant of a certificate of probable cause to appeal all issues presented in the petitioner's federal habeas petition.[2]

In sum, although we agree with the petitioner that the district court erroneously applied the certificate of appealability provision under the AEDPA, his motion to relinquish jurisdiction and remand this cause to the district court is DENIED. The district court's order granting a certificate of appealability, therefore, will be construed as a grant of probable cause as to the entire petition. Accordingly, Hardwick's appeal from the denial of his petition for federal habeas corpus relief may proceed.

---

[2]Similarly, where the district court has denied the certificate of appealability under the AEDPA with respect to petitions pending on the date of the new law's enactment, we will construe the order as a denial of a certificate of probable cause and, consistent with pre-AEDPA practice, evaluate whether the certificate was improvidently denied.